IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| ERIC ANTHONY SHULER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 0:16-cv-529-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| NANCY A. BERRYHILL, *Acting Commissioner of Social Security*,[1] | ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the court on United States Magistrate Judge Paige J. Gossett's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Nancy A. Berryhill's ("the Commissioner") decision denying plaintiff Eric Anthony Shuler's ("Shuler") application for disability insurance benefits ("DIB"). Shuler filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

Shuler filed an application for DIB on September 2, 2009, alleging disability beginning on January 8, 2009. The Social Security Agency denied Shuler's claim initially and on reconsideration. Shuler requested a hearing before an administrative law judge ("ALJ"), and ALJ Linda R. Haack held a hearing on May 16, 2011. The ALJ issued a decision on July 28, 2011, finding Shuler not disabled under the Social Security

---

[1] On January 23, 2017, Nancy A. Berry became the Acting Commissioner of Social Security; therefore, she is substituted as the named defendant pursuant to Federal Rule of Civil Procedure 25(d).

1

Act. Shuler requested Appeals Council review of the ALJ's decision. The Appeals Council denied Shuler's request for review, rendering the ALJ's decision the final decision of the Commissioner. Shuler appealed to this court, which reversed the ALJ's July 28, 2011 decision and remanded Shuler's claim for further consideration of the combination of Shuler's impairments in determining whether his impairments met or equaled the requirements of a listing. See Shuler v. Colvin, No. 0:13-cv-1504-DCN, 2014 WL 4809837 (D.S.C. Sept. 26, 2014). On July 30, 2015, ALJ Edward T. Morriss held Shuler's second hearing and issued a decision on November 3, 2015, finding Shuler was not disabled.

On February 22, 2016, Shuler filed the present action seeking review of the ALJ's decision.[2] The magistrate judgment issued an R&R on June 29, 2017, recommending that this court affirm the ALJ's decision. Shuler filed objections to the R&R on July 22, 2017, and the Commissioner responded to Shuler's objections on July 27, 2017. The matter is now ripe for the court's review.

### B. Medical History

Because Shuler's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Shuler was born on March 13, 1974, and was 34 years old on the alleged onset date. He has an eighth grade education and past relevant work experience as a drywall laborer and a drywall superintendent.

---

[2] In this action, Shuler does not contest the ALJ's new listing analysis, but instead, he challenges the ALJ's evaluation of the treating physicians' opinions and the ALJ's determination of Shuler's credibility.

2

### C. ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) "is currently engaged in substantial gainful activity;" (2) "has a severe impairment;" (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, "which warrants a finding of disability without considering vocational factors;" (4) if not, whether the claimant has an impairment that prevents him or her from performing past relevant work; and (5) if so, "whether the claimant is able to perform other work considering both his [or her] remaining physical and mental capacities" (defined by his or her residual functional capacity) and his or her "vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981); 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Shuler was disabled from January 8, 2009, through the date last insured, June 30, 2013. The ALJ first determined that Shuler did not engage in

3

substantial gainful activity during the period at issue. Tr. 600. At the second step, the ALJ found that Shuler suffered from the following severe impairments: degenerative disc disease status post laminectomy syndrome. Tr. 600.[3] At step three, the ALJ found that Shuler's impairments or combination of impairments did not meet or equal one of the listed impairments in the Agency's Listings of Impairments ("the Listings"). Tr. 602–03; see 20 C.F.R. Part 404, Subpt. P, App'x 1. Before reaching the fourth step, the ALJ determined Shuler had the residual function capacity ("RFC") to perform light work as defined by 20 C.F.R. 404.1567(b). Tr. 603. Specifically, the ALJ found that Shuler could lift, carry, push, and pull up to twenty pounds occasionally and ten pounds frequently; sit approximately six hours in an eight-hour day; stand and/or walk approximately six hours in an eight-hour day; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance; and occasionally stoop, kneel, crouch, and crawl; with the need to avoid all hazards such as machinery and heights. Tr. 603. The ALJ found at step four that Shuler was unable to perform any past relevant work. Tr. 608. Finally, at step five, the ALJ determined that, considering Shuler's age, education, work experience, and RFC, he could perform jobs existing in significant numbers in the national economy and concluded that he was not disabled during the period at issue. Tr. 608–09.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C.

---

[3] The ALJ noted that since Shuler's date last insured, he has developed pancreatitis as a result of alcohol abuse, Tr. 600; however, the ALJ determined that this impairment is not material to the current disability determination because it arose more than a year after his date last insured, Tr. 600–01.

§ 636(b)(1). A party's failure to object is accepted as agreement with the magistrate judge's conclusions. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The R&R carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citations omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ][,]" not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

### III. DISCUSSION

Shuler objects to the R&R on two grounds, arguing that the ALJ erred in: (1) properly weighing the opinions of his treating physicians; and (2) finding that the ALJ properly analyzed his credibility. Pl.'s Objs. 1. The court will address each of the objections below.

5

## A. Error in discounting Shuler's treating physicians' opinions

Shuler's first objection to the R&R is that the ALJ erred in giving proper weight to the opinions of his treating physicians Drs. Duc and Wilson.[4] Id. The court finds that substantial evidence supports the weight the ALJ gave to the medical findings and observations in the record.

The Social Security Administration typically gives greater weight to the opinion of a treating physician because a treating physician is best able to provide a "detailed, longitudinal picture" of the claimant's alleged disability. See 20 C.F.R. § 404.1527(c)(2). However, the ALJ has the discretion to give less weight to the testimony of a treating physician if there is "persuasive contrary evidence." Hunter, 993 F.2d at 35 (citation omitted).

If the ALJ chooses to discredit the report of the treating physician, he must fully articulate the reasons for doing so. DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). When a treating physician's opinion does not merit controlling weight, the ALJ evaluates the opinion using the following factors: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1527). The Fourth Circuit has not mandated that the ALJ expressly discuss each factor, and

---

[4] Shuler also argues that the opinion of David Price, who performed Shuler's vocational assessment on November 20, 2010, is one of the medical opinions at issue in this case. Pl.'s Objs. 1–2. However, David Price is not considered one of Shuler's treating physicians, and Shuler, who simply references his vocational assessment, fails to develop his objection to the R&R with respect to David Price's opinion.

another court in this district has held that "an express discussion of each factor is not required as long as the ALJ demonstrates that he applied the . . . factors and provides good reasons for his decision." Hendrix v. Astrue, No. Civ. A. 1:09-01283-HFF, 2010 WL 3448624, at *3 (D.S.C. Sept. 1, 2010). A district court will not disturb an ALJ's determination as to the weight to be assigned to a medical opinion, including the opinion of a treating physician, "absent some indication that the ALJ has dredged up specious inconsistencies . . . or has not given good reason for the weight afforded a particular opinion." Craft v. Apfel, 164 F.3d 624, 1998 WL 702296, at *2 (4th Cir. 1998) (per curiam) (unpublished table decision) (citations omitted). "[E]ven where the treating physician's opinion is not entitled to 'controlling weight' because it is inconsistent with the other substantial evidence in the case record, the treating physician's opinion should not be wholly rejected." Zarkowski v. Barnhart, 417 F. Supp. 2d 758, 765 (D.S.C. 2006).

The ALJ is obligated to explain his findings and conclusions on all material issues of fact, law, or discretion presented. 5 U.S.C. § 557(c)(3)(A). "Strict adherence to this statutorily-imposed obligation is critical to the appellate review process[,]" and courts have remanded cases "where the reasoning for the [ALJ's] conclusion is lacking and therefore presents inadequate information to accommodate a thorough review." See v. Wash. Metro. Area Transit Auth., 36 F.3d 375, 384 (4th Cir. 1994) (citation omitted).

In the instant case, the ALJ did not wholly reject the opinions of Drs. Duc and Wilson. Instead, the ALJ accorded "some weight" to both opinions. Tr. 607. The ALJ specifically adopted Dr. Duc's and Dr. Wilsons' lifting/pushing/pulling restrictions. Tr. 607. However, the ALJ accorded "little weight" to the remainder of the opinions—particularly, Dr. Duc's opinion concerning Shuler's inability to sit and stand for a

prolonged period of time. Tr. 607. The ALJ based his determination on the inconsistency of the doctors' opinions with the record, finding Shuler's testimony concerning his inability to sit or stand for more than thirty minutes or walk more than 100 steps not supported by his daily living activities as reported to his treating physicians—performing yard work, caring for his three-year-old child, attending church, and assisting with housework—and his ability to hunt deer from a deer stand. Tr. 607.

To show that Dr. Duc's and Dr. Wilson's opinions are supported by the record, Shuler claims that the ALJ should have considered his medical evaluations after his date last insured—specifically, medical evaluations dated September 29, 2014, May 2015, and June 4, 2015. Pl.'s Objs. 4 (citing Tr. 843–47, 830–33, 857–60 & Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012) (stating "[m]edical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's [date last insured]")). Shuler claims that the medical evidence relating to the time period after the date last insured is obviously linked to his impairments prior to his date last insured. Id. The court is not persuaded. Bird allows for medical evidence that postdates the date last insured to be considered where it is relevant to prove disability prior to that date. Id. at 340–41. However, the evidence in question "must relate back to the relevant period and offer a retrospective opinion on the past extent of an impairment[,]" and the opinions must not be dated "long after" the date last insured or be contradicted by other opinions from the relevant period to permit an inference of linkage. Brown v. Astrue, Civil Action No. 8:11-03151-RBH-JDA, 2013 WL 625599, at *15 (D.S.C. Jan. 31, 2013) (citations omitted). Here, these particular medical evaluations, approximately one to two years

8

after the date last insured, concern Shuler's hospital visits for chest pains, acute pancreatitis, pneumonia, and alcohol withdrawal. Tr. 830–33, 843–47, 857–60. The treatment notes mention Shuler's back pain; however, they merely state medically-unsupported, subjective statements and fail to provide a retrospective opinion on the past extent of his impairment. See id.

Contrary to Shuler's arguments, the ALJ was not required to give Dr. Duc's and Dr. Wilson's opinions controlling weight. As noted by the magistrate judge, the ALJ's decision indicates that he weighed their opinions and "reasonably found that the medical findings and observations in the record did not support all of them." R&R 10; see e.g., Tr. 605 ("Despite his complaint of pain, in August 2009[,] Dr. Wilson reported that he did not see any real complicating factors on MRI of the lumbar spine[,]" and "in October 2009[,] Dr. Wilson stated that he did not see any acute findings on MRI of the thoracic spine."); Tr. 605 (In November 2009, "[d]espite his pain, the claimant reported that his activities of daily living consisted of working, taking care of the children and general housework . . . and working in the yard."); Tr. 605 (On May 28, 2010, "[Shuler] reported tremendous improvement and ability to tolerate activity while using stimulation."); Tr. 606 (In July 2010, "Dr. Highsmith reported that [Shuler] had experienced good relief with his spinal cord stimulator trial with good coverage of his pain."); Tr. 606 ("Post-surgical treatment notes from August 3, 2010, reveal that [Shuler] was still getting good coverage and was very pleased with the results" of the permanent implantation.); Tr. 606 (In mid-August 2010, Shuler told Dr. Highsmith "the device was working well."); Tr. 606 (In March 2011, Shuler "reported spasms of the lower back during his intake but Dr. Mikola did not indicate any spasms as part of his clinical findings during the

examination."); Tr. 606 (In November 2013, Shuler deer hunted out of a twelve-foot high deer stand); Tr. 606 (On November 21, 2013, Shuler's physical examination revealed him "to have no cervical, thoracic, or lumbar spine tenderness on examination, and he was noted to have good strength and sensation in his lower extremities."). In addition, there is no indication that the ALJ dredged up specious inconsistencies in discounting the doctors' opinions. Therefore, the ALJ's decision reflects an application of the relevant factors in Dr. Wilson's and Dr. Duc's opinions in the context of the entire record and appropriate reliance on medical records and treatments in determining that the opinions concerning restrictions on prolonged sitting and standing were unsupported. Shuler is asking the court to reweigh evidence, but this is not the province of this court. See Johnson, 434 F.3d at 653; see also Luckey v. Astrue, 458 F. App'x 322, 326 (5th Cir. 2011) (per curiam) (citations omitted) (stating that "the ALJ, and not this Court, must decide what weight to give the proffered medical evidence[,]" and noting that claimant's request for the court to reweigh evidence and substitute judgment for that of the Commissioner "is neither our place nor our prerogative"). Therefore, the court finds the ALJ's decision is supported by substantial evidence, and Shuler's objection concerning his treating physicians' opinions lacks merit.

**B.      Error in finding that the ALJ properly analyzed Shuler's credibility**

As to Shuler's second objection concerning credibility, the court finds this objection outside the scope of its review. It is well settled that it is not the district court's responsibility to substitute its own judgment for that of the agency, and if the agency decision is supported by substantial evidence, then the reviewing court must affirm. Sterling v. Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997). The ALJ

has a responsibility to weigh all evidence, including the relevant medical evidence, to resolve any conflicts. See Hays, 907 F.2d at 1456.

The ALJ is not required to give plaintiff's testimony great weight. The ALJ determined Shuler's testimony as to the severity of his pain not to be credible, explaining the reasons for this finding including the lack of objective medical evidence, Shuler's statements to medical providers, Shuler's daily activities, and the conclusions of the treating physicians. Tr. 605–08. Although the absence of objective medical evidence to support Shuler's allegations is not necessarily outcome determinative, this rule does not compel the alternative conclusion that Shuler is in fact disabled. See Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir. 1990). The ALJ is responsible for weighing all evidence and making the findings of fact as to Shuler's limitations.

In addition, Shuler claims that the ALJ penalized him for not seeking treatment. Pl.'s Objs. 4–5. The Fourth Circuit has held that "[a] claimant may not be penalized for failing to seek treatment she cannot afford[.]" Lovejoy v. Heckler, 790 F.2d 1114, 1117 (4th Cir. 1986). As a result, an ALJ should not discount a claimant's subjective complaints on the basis of her failure to seek medical treatment when she has asserted—and the record does not contradict—that she could not afford such treatment. Id.; see also 20 C.F.R. §§ 404.1530(a), (b), 416.930(a), (b). Here, the ALJ stated that "[t]he fact that the claimant only sought treatment one time over a three year period does not lend credibility to his allegation of debilitating pain." Tr. 606. Importantly, however, the ALJ's analysis did not focus on Shuler's limited medical treatment history. Instead, the ALJ supported his analysis with substantial evidence as presented above; therefore, the ALJ's statement concerning lack of medical care remains harmless. Hose v. Colvin,

1:15CV00662, 2016 WL 1627632, at *6 (M.D.N.C. Apr. 22, 2016) (citing Johnson v. Comm'r of Soc. Sec., 535 F. App'x 498, 507 (6th Cir. 2013)) ("[E]ven if an ALJ's adverse credibility determination is based partially on invalid reasons, harmless error analysis applies to the determination, and the ALJ's decision will be upheld as long as substantial evidence remains to support it."). Therefore, Shuler's objection concerning credibility lacks merit.

## IV. CONCLUSION

Based on the foregoing, the court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**August 23, 2017
Charleston, South Carolina**